UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FREDERICK JONES,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK N.A.,, et al.,<br>Defendants. | Case No. 17-cv-04036-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 7, 11 |

This case marks another dispute in the saga between plaintiff Kenneth Jones and defendants Wells Fargo Bank N.A., U.S. Bank, N.A., and Citibank, N.A. over the foreclosure of Jones' home. Jones asserts the defendants wronged him by not promptly paying him a $10,000 settlement agreed to in state court. However, Jones brought substantially the same claims in an earlier bankruptcy adversary proceeding, and the court dismissed the claims with prejudice. Consequently, the doctrine of res judicata bars his claims here. Defendants' motions to dismiss are GRANTED.

**I. BACKGROUND**

The parties have a history of litigation over the foreclosure of Jones' real property located in Lockwood, California. In 2004, Jones took out a loan from Wells Fargo secured by a deed of trust against the property, Dkt. No. 1-1 at 64–67, which was assigned in 2011 to U.S. Bank. Dkt. No. 1-1 at 14. In 2008, Jones took out a home equity line of credit

from Citibank, also secured by his property. Dkt. No. 1-1 at 9. In 2013, Jones filed suit in Monterey County Superior Court against Wells Fargo and Citibank challenging a pending foreclosure related to the loans.[1] Dkt. No. 1-1 at 19. On May 10, 2013, Jones and defendants Wells Fargo and Citibank orally agreed to a settlement of the state court case. Dkt. No. 1-1 at 33–37. Jones agreed to dismiss with prejudice his claims against Wells Fargo and Citibank. Dkt. No. 1-1 at 33–37. In return Wells Fargo and Citibank agreed to forbear foreclosure for five months, and Wells Fargo agreed to pay Jones $10,000. Dkt. No. 1-1 at 33–37. Jones alleges he agreed to these terms because he urgently needed cash, and he believed the settlement was "predicated on prompt payment" of the $10,000. Dkt. No. 17 at 2.

The state court ordered Wells Fargo and Citibank to put the settlement into writing, Dkt. No. 1-1 at 40, but that process went awry. The parties disagreed over inclusion of a confidentiality term, among other details, which caused delay. Dkt. No. 1-1 at 10–11. Eventually, the parties drafted a written settlement agreement, and Jones received the $10,000 in October 2013, five months after the oral agreement. Dkt. No. 12-1 at 10.[2]

In March 2014, Jones filed for Chapter 13 bankruptcy in the Northern District of California[3] and initiated an adversary proceeding against Wells Fargo, U.S. Bank, and Citibank.[4] Dkt. No. 12-1. Among other factual allegations, Jones claimed the defendants took "grossly oppressive and unfair advantage of another's necessities or distress" by "withholding funds stipulated in the settlement agreement . . . then creating written agreements with conditions not included in the original settlement and insisting that the written agreement be signed before extending payment." Dkt. No. 12-1 at 14–15. Jones alleged this behavior caused his health to deteriorate, including stress-induced vitamin B12

---

[1] *Jones v. Wells Fargo Bank*, Case No. M104320 (Monterey Super. Ct. 2013).
[2] This document is judicially noticed. Although the facts for a 12(b)(6) motion are typically limited to the text of the complaint itself, a court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).
[3] *In re Ken Jones*, Ch. 13 Case No. 14-50947 (Bankr. N.D. Cal. March 3, 2014).
[4] *Jones v. U.S. Bank National Association, et al.*, Ch. 13 Adv. Case No. 14-5057 (Bankr. N.D. Cal. June 9, 2014).

Case No. 17-cv-04036-NC        2

deficiency, reduced perceptional senses, dizziness, fatigue, phantom pain, and more. Dkt. No. 12-1 at 9–15. The amended adversary complaint also suggested that some kind of prejudice motivated the defendants, listing "age" as a possible basis for discrimination. Dkt. No. 12-1 at 17.

Based on these facts, Jones brought claims against the defendants for (1) violations of the Fourteenth Amendment to the U.S. Constitution, California's Unruh Act, and the federal Fair Housing Act; (2) bad faith, breach of contract, violations of the state court settlement agreement, violations of 15 U.S.C. § 45, and intentional misrepresentation; (3) intentional infliction of emotional distress; (4) violations of 18 U.S.C. § 1964 (RICO), wire fraud, mail fraud, and murder; and (5) declaratory relief. Dkt. No. 12-1. On January 15, 2015, the bankruptcy court dismissed Jones' claims against all three defendants, with prejudice, except that Jones' breach of contract claim against Citibank was allowed to proceed. Dkt. Nos. 8 at 95–96, 12-3 at 1–2. The court later dismissed the remaining breach of contract claim, without prejudice, when it dismissed the Chapter 13 case. Dkt. No. 8 at 100–02.

Jones filed the present action in Monterey County Superior Court on June 1, 2017.[5] Dkt. No. 1. The complaint states three causes of action: (1) financial elder abuse in violation of California Welfare and Institutions Code § 15610.30(b); (2) attempted extortion; and (3) unjust enrichment. Dkt. No. 1-1 at 8–17. Defendant Citibank timely removed the action based on diversity jurisdiction under 28 U.S.C. § 1332. All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. Nos. 6, 14, 16. Defendants now move to dismiss. Dkt. Nos. 7, 11. Jones opposes the motions. Dkt. Nos. 17, 22.

---

[5] Before filing this action, Jones also filed a second Chapter 7 bankruptcy, which was resolved, and two further state court lawsuits, which are under appeal and awaiting judgment of dismissal, respectively. *See In re Ken Jones*, Ch. 13 Case No. 15-52682 (Bankr. N.D. Cal. March 3, 2014); *Kenneth Jones v. Wells Fargo Bank N.A., et al.*, Case No. 16CV000363 (Monterey Super. Ct. Feb. 3, 2016); *Kenneth Jones v. Wells Fargo Bank N.A., et al.*, Case No. 16CV003114 (Monterey Super. Ct. Oct. 5, 2016).

## II. DISCUSSION

Defendants argue that the bankruptcy adversary proceeding bars Jones' claims on res judicata grounds.[6] The Court agrees, for the reasons below.

Res judicata is a resource-conserving legal doctrine that protects against "the expense and vexation attending multiple lawsuits" by "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate." *Montana v. United States*, 440 U.S. 147, 153–154 (1979). Importantly, res judicata "prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is: (1) identity of claims; (2) a final judgment on the merits; and (3) identity between parties. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotations omitted).

Jones' claims are barred because all three elements above are satisfied. First, there is identity of claims. The claims here for elder abuse and attempted extortion align closely with the earlier claims for Fourteenth Amendment violations, intentional misrepresentation, and intentional infliction of emotional distress. Both sets of claims stem from the defendants' withholding of the $10,000 and alleged coercive negotiating, and both allege harm to Jones' physical and mental health and financial wellbeing. Moreover, the claims here arise from "the same transactional nucleus of facts" as those in the adversary proceeding and "could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003). True be it that Jones lists new and different causes of action in his current complaint, but "an imaginative attorney may [not] avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* Stripped of their imposturous labels, Jones' claims for elder abuse, attempted extortion, and unjust

---

[6] Although res judicata is an affirmative defense, a defendant may raise it in a motion to dismiss. *Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Case No. 17-cv-04036-NC        4

enrichment are little more than threadbare do-overs of his earlier claims.

Second, the bankruptcy court[7] issued a final judgment on the merits when it dismissed all but one of Jones' claims with prejudice. Subject to exceptions not relevant here, "a dismissal . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Accord Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (finding dismissal with prejudice constitutes a final judgment on the merits for res judicata purposes).

It is true that Jones' breach of contract claim against Citibank was dismissed without prejudice, but Jones' claims here do not allege a breach of contract. Instead, they focus on the harm the defendants supposedly caused as they "taunted" Jones with the settlement payment "like a starving dog chasing a sausage tied to a string, being presented then yanked away by bratty boys." Dkt. No. 1-1 at 13. There was a final judgment on the merits, in the form of a dismissal with prejudice, of Jones' claims for Fourteenth Amendment violations (which referenced age as a protected category), intentional misrepresentation, and intentional infliction of emotional distress. These claims easily encompass Jones' elder abuse and attempted extortion claims. And because Jones' unjust enrichment claim "is not a standalone cause of action" in California, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), the preclusion of his first two causes of action obviates the third. Thus, there has been a final adjudication on the merits as to every claim that could allow Jones' complaint to go forward. The second element is satisfied.

Finally, the parties in the bankruptcy proceeding were the same as those here, which satisfies the third element. Because all three elements are met, res judicata precludes Jones' claims.

### III.  CONCLUSION

Jones had a full and fair opportunity to litigate his elder abuse, attempted extortion, and unjust enrichment claims in his bankruptcy adversary case. The bankruptcy court's

---

[7] "The normal rules of res judicata . . . apply to the decisions of bankruptcy courts." *Katchen v. Landy*, 382 U.S. 323, 334 (1966).

Case No. 17-cv-04036-NC           5

final adjudication of his claims there, stemming from the same nucleus of operative facts as those pled here, bars Jones' efforts to Trojan horse his beleaguered quarrel back into court. Like the property underlying this saga, Jones' claims are foreclosed. The defendants' motions are GRANTED, and Jones' claims are DISMISSED, with prejudice.

**IT IS SO ORDERED.**

Dated: October 5, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge